No. 27,233.

D. M. SPARKS, *Appellee,* v. (SUSIE KINSEDER et al., *Defendants*) MIKE HEIMMERMAN, Executor of the Estate of SUSIE KINSEDER, Deceased, *Appellant.*

### SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Harmless Error—Incompetent Evidence in Trial to Court.* In an action to quiet title in which findings of fact and conclusions of law have been made, the judgment will not be reversed on account of the admission of incompetent evidence where there was sufficient competent evidence to support findings which compelled the judgment that was rendered.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed April 9, 1927. Affirmed.

*E. E. Enoch, J. W. Ward* and *Tom Harley,* all of Wichita, for the appellant. *Dempster O. Potts* and *R. G. Bennett,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to quiet title to real property. Judgment was rendered in favor of the plaintiff, and defendant executor appeals.

The action was tried without a jury, and special findings of fact and conclusions of law were made, the material parts of which were as follows:

"The court further finds that the property in question was deeded to John Kinseder in 1906 by Marion Rogers, and that about May 20, 1906, the plaintiff, D. M. Sparks, with his family, moved into the property after having had it repaired; . . . that the plaintiff exercised the position of owner of the property from 1905 until October, 1912, when he moved out of the same and remained away for a short period of time . . . that John Kinseder and wife occupied the premises thereafter for a period of something less than a year, when they moved out and the house was vacant until the plaintiff herein returned. That the same furniture that was placed in the house in 1906 has remained in it at all times, and that none of the same has ever been removed, either by Sparks or by the Kinseders.

"The court further finds that the plaintiff, D. M. Sparks, has been in open, adverse, notorious and continuous possession of said property, either by himself or agents, for more than fifteen years."

### "CONCLUSIONS OF LAW.

"The court concludes, from the foregoing facts, that D. M. Sparks, the plaintiff, is the owner of the described premises and entitled to have his title

---

Appeal and Error, 4 C. J. p. 999 n. 22.  Quieting Title, 32 Cyc. p. 1372 n. 26.

Sparks v. Kinseder.

quieted as against the defendants, and that he has been in open, adverse, notorious and continuous possession of said property for more than fifteen years."

The appellant contends that there was error in the admission of evidence, and that, eliminating the evidence thus erroneously admitted, there was not evidence sufficient to support the findings of fact necessary to sustain a judgment in favor of the plaintiff. The evidence of which complaint is made is that which tended to show that the plaintiff had some conversations and transactions with I. J. Kinseder, who had died before the commencement of the action and from whom the plaintiff claimed to have derived some form of title to the property. That part of the findings of fact which has been quoted was supported by evidence which had nothing to do with any conversation or transaction had by the plaintiff with I. J. Kinseder, although there was that in the unquoted part of the findings of fact which depended on evidence concerning such conversations and transactions. In the findings of fact immediately following the finding that "the plaintiff exercised the position of owner of the property from 1905 until in October, 1912, when he moved out of the same and remained away for a short period of time," the court in addition found "that a day or two prior thereto John Kinseder paid Mr. Sparks the sum of $480, and that this money was paid to the plaintiff as rent for the premises." The evidence of which complaint is made tended to support the finding that the $480 had been paid to the plaintiff by I. J. Kinseder as rent for the property.

Another matter, one which was not embraced within the findings of fact, is that there was evidence which tended to prove that an instrument had been signed by Susie Kinseder and I. J. Kinseder as follows:

"OCTOBER 3, 1912.

"This is to certify that we, the undersigned, have sold and conveyed the following-described property consisting of one Wurlitzer 88-note electric player piano and 28 music rolls to Mr. D. M. Sparks, for $500, and six-room cottage at 802 North Waco avenue, at the consideration of $3,500.

(Signed)    SUSIE KINSEDER,
            I. J. KINSEDER."

That instrument was introduced in evidence by the plaintiff.

Another instrument which appears to have been introduced in evidence was as follows:

"WICHITA, KANSAS, October 7, 1912.

"*National Bank of Commerce:*

"Pay to the order of D. M. Sparks ($400) four hundred and no/100 Dollars.

(Signed)     I. J. KINSEDER."

There was evidence which tended to prove that at about the time these instruments were signed by the Kinseders, or shortly thereafter, the plaintiff moved to Omaha and lived there for eight or nine months, when he returned to Wichita and again moved into the property in controversy; and that during the absence of the plaintiff in Omaha, the Kinseders occupied that property.

Excluding the incompetent evidence, there was sufficient competent evidence to sustain all the findings of fact necessary to compel a judgment in favor of the plaintiff. While the evidence complained of may have been incompetent, its admission was not prejudicial because the trial was by the court, without a jury, and there were ample facts found supported by sufficient evidence to sustain the judgment. In *Starbuck v. Kingore,* 112 Kan. 102, 210 Pac. 930, this court said:

"Rule followed, that where a trial court is sitting without a jury the introduction of incompetent testimony is nonprejudicial if the court's findings of fact and the judgment thereon are well supported by other evidence which is competent."

A number of other cases to the same effect might be cited.

There are six assignments of error, all of which are disposed of by the matters that have been discussed.

The judgment is affirmed.